13-2739-cv
*Richards v. North Shore Long Island Jewish Health System*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand and fifteen, nunc pro tunc, 30th day of October, two thousand and fourteen.

PRESENT:

RALPH K. WINTER,
JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JUNIOR RICHARDS,

          *Plaintiff-Appellant,*

          -v.-                                                    No. 13-2739-cv

NORTH SHORE LONG ISLAND JEWISH HEALTH SYSTEM,

          *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          SEIDIA R. BERNARD, Roach Bernard PLLC, Lynbrook, N.Y.

**FOR DEFENDANT-APPELLEE:**          MARIANNE MONROY, Leonard M. Rosenberg, Lauren M. Levine, Garfunkel Wild, P.C., Great Neck, NY.

Appeal from the June 26, 2013 judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the June 26, 2013 judgment of the District Court is **AFFIRMED**.

Plaintiff Junior Richards appeals the judgment of the District Court in favor of defendants, North Shore-Long Island Jewish Health System and Nicholas F. Camerano. Following a three-day trial, a jury found that there was no merit to Richards' claim of racial discrimination under 42 U.S.C. § 1981. On appeal, Richards contends that the District Court erred with regard to various evidentiary and procedural rulings. We assume the parties' familiarity with the facts and procedural history of the case, as well as the issues on appeal.

## DISCUSSION

We review an evidentiary ruling for clear abuse of discretion, requiring "manifest error" before we will disturb them. *Barrett v. Orange Cnty. Human Rights Comm'n*, 194 F.3d 341, 346 (2d Cir. 1999). An evidentiary ruling that is an abuse of discretion constitutes reversible error only if it also affects a party's substantial rights. *See* Fed. R. Evid. 103(a). "Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006). Finally, a court is "not required to allow the trial to be diverted into an inquiry into an entirely different incident involving to a significant extent different people, places and events." *Barrett*, 194 F. 3d at 347.

Richards challenges the district court's exclusion of testimony from Koffi Louis. Richards asserts that Mr. Louis' testimony was necessary to show discrimination of a "similarly-situated employee." The plaintiff also contends that the District Court erroneously applied a "*per se*" rule with regard to his preclusion of Mr. Louis' testimony.

We conclude that the district court's evidentiary ruling in the instant case was not an abuse of discretion. The District Court carefully weighed the relevance of the additional testimony and determined that it was "marginally relevant." The Court then noted the witness' subjective belief that "he was not discriminated against" and the fact that the witness "now has a better job" to conclude that "under 403 the waste of time and confusion that this witness will lead to far outweighs the probative value[.]" Jt. App'x 841**.** The balancing inquiry conducted by the District Court is precisely what Fed. R. Ev. 403 envisioned and was certainly not an abuse of discretion.

2

## CONCLUSION

Richards also claims that defendants engaged in discovery misconduct, that he was denied the right to a fair trial, and that he should be afforded an additional opportunity to file post-trial motions. We have considered all of plaintiff's arguments and find them to be without merit. Appellant's final argument related to defendants' March 8, 2013 motion for attorneys' fees and costs is moot because the district court stayed its order and the defendants no longer seek enforcement. Accordingly, the appeal from the June 26, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court